IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-02989-LTB

MARY TORRES,

        Plaintiff,

v.

PROCOLLECT, INC.,

        Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This matter is before me on Defendant ProCollect, Inc.'s, Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for Summary Judgment **[Doc #4]**. Jurisdiction is proper under 15 U.S.C. § 1692k(d). After considering the parties' arguments, and for the reasons below, I DENY the motion.

**I. Background**

Plaintiff Mary Torres alleges that on July 6, 2011, at approximately 3:30 p.m., she received the following voicemail message from one of Defendant's employees: "Hi. This message is for Mary Torres. This is Jessaby. I need a return phone call from you today. My number is 1-800-732-3799, extension 115. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Thank you." (It appears that the message actually said "Ms. Penny" instead of "Jessaby," but the parties agree this is immaterial.) Plaintiff then sued Defendant, alleging that it had violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692d(6), by failing to disclose

its "true corporate and/or business name" in the message left for her.

## II. Standard of Review

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, Rule 56. To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When deciding a motion to dismiss, the court must assume the truth of all well-pleaded facts and draw all reasonable inferences in the light most favorable to the plaintiff. *Teigen*, 511 F.3d at 1078. Legal conclusions do not receive this treatment. *Iqbal*, 556 U.S. at 678.

By contrast, summary judgement per Rule 56 "is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Klen v. City of Loveland, Co.*, 661 F.3d 498, 508 (10th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Under this standard, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could

resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

### III. Discussion

Plaintiff's sole claim alleges that Defendant violated § 1692d(6) of the FDCPA because its employee did not disclose its name in the voicemail left for her. In this motion, Defendant contends that neither § 1692d(6) nor any other provision in the FDCPA requires a debt collector to disclose its company identity when communicating over the phone with consumers. Plaintiff's action should therefore be dismissed for failing to state a claim, or, alternatively, summary judgment should be granted in its favor. Plaintiff disagrees, arguing that § 1692d(6) requires otherwise. The parties assent that § 1692d(6) applies to the voicemail. *See, e.g., Doshay v. Global Credit Collection Corp.*, 796 F.Supp.2d 1301, 1304 (D. Colo. 2011) (concluding that a voicemail qualified as a "communication" within the meaning of the FDCPA and is therefore subject to its provisions). Thus, to rule on the motion, I must first interpret § 1692d(6) to determine if it requires a debt collector to disclose its company name in a voicemail left for a consumer. I conclude that it does.

I begin with § 1692d(6) itself. It provides the following:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Except as provided in section 1692b of this title, *the placement of telephone calls without meaningful disclosure of the caller's identity*.

15 U.S.C. § 1692d(6) (emphasis added). My "primary task in interpreting statutes [is] to determine congressional intent, using traditional tools of statutory construction." *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008). Beginning with § 1692d(6)'s plain language, *see id.*, while it is not explicit, I conclude that "meaningful disclosure of the caller's identity" requires disclosing

the debt collection company's name. Clearly the section uniquely targets identity as a specific piece of information that must be shared with consumers. *See* 15 U.S.C. § 1692d(6); *compare to* 15 U.S.C. § 1692e(11) (mandating that, when speaking with a consumer over the phone (or leaving a voicemail), a debt collector state that she is "attempting to collect a debt and that any information obtained will be used for that purpose"). And by adding "meaningful," Congress appears to have desired a disclosure of identity beyond just the caller's personal name. A caller's name (and certainly not a caller's alias) has no real "meaning" to a consumer–the human caller is not the entity which owns or seeks the debt; the consumer would not satisfy the debt by writing a check to the caller; nor would the consumer sue the caller personally for violating the FDCPA. Thus, the only way for an identity disclosure to be meaningful to a consumer is if it discloses the name of the debt collection company. Moreover, "because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). Given the information that § 1692d(6) targets, there are only three constructions of "meaningful disclosure of the caller's identity:" either it requires disclosing the caller's personal name (or alias), the debt collection company's name, or both. A liberal construction favoring the consumer would require disclosing the debt collection company's name.

My interpretation is also consistent with the purpose of the FDCPA. "In passing the FDCPA, Congress found 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices.' " *Id.* at 1117 (quoting 15 U.S.C. § 1692(a)). The FDCPA's express purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* (quoting

§ 1692(e)).  Indeed, its solicitude for consumers is such that it "protect[s] consumers who have been victimized by unscrupulous debt collectors, *regardless of whether a valid debt actually exists.*" *Baker v. GC Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (emphasis added); *accord McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) (The FDCPA "makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid").  Requiring the disclosure of the debt collection company's name mitigates the opportunity for abuse and deception that anonymity would wrought, thereby also eliminating any competitive advantage resulting therefrom.  Such disclosure also helps the consumer "understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *See Clark v. Capital Credit & Collection Services*, *Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006).

Additionally, case law buttresses my conclusion. While neither a circuit court, *see Costa v. Nat'l Action Fin. Servs.*, 634 F.Supp.2d 1069, 1074 n.5 (E.D. Cal. 2007), nor this Court has addressed whether § 1692d(6) requires disclosure of a debt collector's company name, courts in other jurisdictions have. They "have uniformly held that it requires a debt collector to disclose the caller's name, *the debt collection company's name*, and the nature of the debt collector's business." *Baker v. Allstate Financial Services, Inc.*, 554 F.Supp.2d 945, 949 (D. Minn. 2008) (emphasis added); *accord Valencia v. Affiliated Group, Inv.*, 2008 WL 4372895, *3 (S.D. Fla. Sept. 24, 2008) (unpublished); *Hosseinzadeh v. M.R.S. Assocs.*, *Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Cal. 2005); *Gilmore v. Account Mgmt, Inc.*, 2009 WL 2848278, *5 (N.D. Ga. 2009); *Davis v. Bonewicz,* 2011 WL 5827796, *2 (E.D. Mo. 2011); *Fry v. Berks Credit and Collections*, *Inc.*, 2011 WL 6057781 (N.D. Ohio 2011); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 597 (N.D. Ge. 1982); *Frazier v. Absolute Collection Serv.*, *Inc.,* 767 F.Supp.2d 1354, 1364 (N.D. Ga. 2011); *c.f. Beeders*

*v. Gulf Coast Collection Bureau*, 796 F.Supp.2d 1335, 1339 (M.D. Fla. 2011) ("FDCPA Section 1692d(6) does not prohibit a debt collection agency employee from using an alias during a telephone call, *as long as the employee accurately discloses the name of the debt collection agency* and explains the nature of its business.") (emphasis added) (quoting *Knoll v. Allied Ins., Inc.*, 502 F.Supp.2d 943, 946 (D. Minn. 2007)). For example, in *Savage v. NIC, Inc.*, 2009 WL 2259726, *3 (D. Ariz. July 28, 2009), a plaintiff sued a debt collector under § 1692d(6) when the debt collector's employee failed to identify his employer's name in a voicemail left for the plaintiff. Even though the employee had left his *personal* name, the court found that "no reasonable jury could find in favor of the Defendant" because the employee had not disclosed *the debt collection company's* name. *Id.*

The cases upon which Defendant relies do not support its position. It leans primarily upon a case from this Court, *Doshay, supra.* There, a plaintiff sued a debt collector pursuant §1692d(6) for the following voicemail that one of the debt collector's employees left for plaintiff:

> Hi, this message is for Jesse Doshay. Jesse, my name is Matt and I'm calling in regards to a business matter of yours that is currently in my office. Jesse it is very important that I speak with you in regards to this matter. So if you can give me a call when you get this message.... Thank you very much for the immediate reply Jesse and I will be awaiting your call.

*Id.* at 1302. The court stated that "[m]eaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." *Id.* at 1304. It held that the defendant had violated §1692d(6) because its employee "neither identified himself as a debt collector nor articulated that the purpose of the voicemail message was to collect a debt." *Id.* Defendant asserts that *Doshay* stands for the proposition that meaningful disclosure does not require a debt collector to disclose *its* name, but the case is verily silent on that point. Its silence may have been a function of the fact that the court did not need to address the issue

6

because it determined for other reasons that the debt collector had not afforded the plaintiff meaningful disclosure or because the plaintiff did not raise the argument. *See id. Doshay* is also a district court case.  For these reasons, its persuasive and precedential value are limited.  Defendant also relies upon *Hosseinzadeh, supra*. This is curious and unavailing because *Hosseinzadeh* explicitly concluded that the defendant had "violated section 1692d(6) when its employees failed to disclose defendant's identity . . . in messages left on plaintiff's answering machine." *Id.* at 1112.

Lastly, official staff commentary from the Federal Trade Commission regarding § 1692d(6) also supports my conclusion. It provides that, pursuant to § 1692d(6), "[a]n individual debt collector must disclose his employer's identity, when discussing the debt on the telephone with consumers." FTC Staff Commentary to FDCPA, Statements of General Policy or Interpretation, § 806(6), ¶ 2, *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#806.  Given that courts have held that leaving a phone message constitutes the placement of telephone call under § 1692d(6), *see, e.g., Doshay*, *supra*, *and Savage, supra*, the FTC's commentary applies to the situation before me.

For these reasons, I conclude that "meaningful disclosure" under § 1692d(6) requires disclosing the debt collection company's name.  It does not ineluctably follow, however, that Plaintiff states a claim under § 1692d(6), for she may not have plausibly stated that the disclosure was lacking.  I thus turn to Defendant's motion, beginning with its argument for dismissal.

Plaintiff's complaint states a plausible claim for relief under § 1692d(6).  In it, she proffers factual allegations such as the time and date of the call, as well as a detailed recapitulation of the voicemail message itself, which, taken as true, does not identify Defendant. Aggregated, these facts "nudge[] [her] claim[] across the line from conceivable to plausible." *Twombley*, 550 U.S. at 570. Defendant insinuates that the claim is implausible simply because it stands alone and rests solely

on the allegation that disclosure of Defendant's identity was absent from the voicemail, but there is no correlation between the quantity of claims and their plausibility. Plausibility is instead a question of whether the undergirding factual allegations are "enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Frazier,* 767 F.Supp.2d at 1364 ("When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language."). The allegations here do that. Consequently, I deny this portion of Defendant's motion.

Defendant alternatively seeks summary judgment, arguing that it was not required to disclose its identity in the voicemail. I concluded above that § 1692d(6) requires otherwise. I therefore deny this portion of the motion.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for Summary Judgment **[Doc #4]** is DENIED.

Date: June 1, 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE